**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Heaven-Leigh Loas,<br><br>    Defendant. | No. CR-20-08012-001-PCT-GMS<br><br>**ORDER** |

  Pending before the Court is the United States' Memorandum of Law Regarding Introduction of Defendant's Specific Instances of Conduct (Doc. 63), expanding on arguments addressed in its Motion in Limine to Exclude Evidence of Prior Acts by the Victim (Doc 40) and its Supplemental Notice of Intent to Use Evidence Pursuant to Fed. R. Evid. 404(a), 404(b), and 405(b). (Doc. 49.) Previously, the Court ruled that Defendant is permitted to admit several of the victim's prior bad acts to support and explain her state of mind during the incident. The Government now seeks to introduce evidence of the Defendant's prior violent acts to demonstrate that her motive in stabbing the victim was not one of self-defense, but was consistent with other bad acts she perpetrated close to the time of the incident in which she was the aggressor and initial perpetrator of violence.

## DISCUSSION

**I. Rule 404(b)**

  Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs,

or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In considering the admissibility of prior bad acts evidence, courts consider whether "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States. v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004). If these criteria are satisfied, the court then determines whether the probative value of the evidence outweighs its prejudicial effect.

The government seeks to offer several relatively recent incidents of assault in which the Defendant initiated violence that was not provoked by a need to defend herself. The Defendant argues that the incidents of her assault should not be permitted pursuant to Rule 404(b) because her intent is not at issue since she acknowledges that she intended to strike the victim with a knife. Nevertheless, regardless of her avowed intent to strike the Defendant with a knife, her motive in doing so remains a material issue. Other acts which are probative to the presence or absence of motive are admissible pursuant to the rule. The other acts thus are, or may be, probative of a material point at trial.

Almost all of the "other acts" identified by the government occurred in a time frame relatively proximate to the incident at issue here. The government has offered an example of Defendant kicking police officer Kasey during an arrest that is undated (but believed to be 2018), and so the Court cannot definitively determine on the present record whether it is sufficiently proximate in time. The other incidents, including those occurring in April and May of 2017, January and December 2018 and January and May of 2019 are not so remote in time so as to be inadmissible.

It appears based on the summaries provided by the government that there may be evidence sufficient to support a finding that the Defendant committed the other acts which it seeks to have admitted.

In each of the incidents the government seeks to introduce, the victims assert that they were assaulted without provocation. In several of the incidents the assaults allegedly occurred with weapons or liquor bottles. Others appear to have been the result of perceived slights to the siblings of the Defendant. Although the Defense has not brought a formal written motion to exclude such evidence, the Court did request supplemental briefing on that issue. Based on that briefing it cannot conclude prior to trial that it would exclude such evidence. The Court therefore at this time declines, without prejudice, to exclude such evidence.

Dated this 15th day of January, 2021.

_____
G. Murray Snow
Chief United States District Judge